UNITED STATES DISTRICT COURT         O
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| **SILVA INTERNATIONAL, INC.,** § | |
| § | |
| **Plaintiff,** § | |
| VS. § | **CIVIL ACTION NO. L-08-99** |
| § | |
| **SILVA ULTRAMIND SYSTEMS, LLC,** *et al*, § | |
| § | |
| **Defendants.** § | |

## OPINION AND ORDER

Pending before this Court are Plaintiff's Motion for Entry of Default Judgment, [Dkt. No. 9], Plaintiff's Request for Entry of Default, [*Id.*, Attach. 3], and Defendants' Motion for Extension of Time to Answer. [Dkt. No. 10]. Upon due consideration of the filings, and in light of Defendants' intent to defend, the Court **DENIES** Plaintiff's Motion and **GRANTS** Defendants' Motion.

Plaintiff brought this suit on July 18, 2008, alleging that Defendants engaged in copyright infringement, breach of contract, unfair competition under the Lanham Act, common law trademark infringement, common law unfair competition, and the unauthorized use of a name, photograph and/or likeness. [Dkt. No. 1]. Plaintiff served Defendants with summons on July 21, 2008. [Dkt. Nos. 2-3]. On August 12, 2008, Plaintiffs filed a Motion for Entry of Default Judgment. [Dkt. No. 9]. Thereafter, on August 21, 2008, Defendants filed a Motion for Extension of Time to Answer [Dkt. No. 10], and also filed an Original Answer to Plaintiff's Complaint. [*Id.*, Attach. 1]. Because Defendants filed an answer to the complaint, and thus demonstrated an intent to contest Plaintiff's factual allegations and defend against Plaintiff's claims for relief, Plaintiff's motion is considered opposed.

Federal Rule of Civil Procedure 55 states: "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." However, a "party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Lewis v. Lynn*, 236 F.3d 766, 767 (2001) (quoting *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996)). Indeed, "[d]efault judgment is a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Lewis*, 236 F.3d at 767 (quoting *Sun Bank of Ocala v. Pelican Homestead and Savings Ass'n.*, 874 F.2d 274, 276 (5th Cir. 1989)). Therefore, as default judgments "are generally disfavored in the law," such judgments "should not be granted on the claim, without more, that the defendant had failed to meet a procedural time requirement." *Lacy v. Sitel Corp.*, 227 F.3d 290 (5th Cir. 2000) (quoting *Mason & Hanger-Silas Mason Co. v. Metal Trades Council*, 726 F.2d 166, 168 (5th Cir.1984).

In determining whether to grant default judgment, the Fifth Circuit has held that "[r]elevant factors include whether material issues of fact are at issue, whether there has been substantial prejudice, whether the grounds for default are clearly established, whether the default was caused by a good faith mistake or excusable neglect, the harshness of a default judgment, and whether the court would think itself obliged to set aside the default on the defendant's motion." *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998) (citing 10 Charles A. Wright et al., *Federal Practice & Procedure* § 2685 (2d ed.1983)).

Here, Defendants filed an answer to Plaintiff's complaint on August 21, 2008. [Dkt. No. 10, Attach. 1]. This filing occurred only ten days after the deadline. Although Defendants failed to meet the procedural time requirement under the Federal Rules Civil Procedure and the Local Rules, the Court finds no indication that this delay will result in substantial prejudice to

Plaintiffs.[1]  *Fortenberry v. Texas*, 75 Fed.Appx. 924, 926 n.1 (5th Cir. 2003) (holding that denial of motion for default judgment was not an abuse of discretion where the defendants filed their answer six days late and the plaintiff failed to show prejudice.)  Furthermore, in their answer to Plaintiff's complaint, Defendants contest material issues of fact, claim affirmative defenses, and thus also demonstrate intent to defend against Plaintiff's claims.  For the foregoing reasons, the Court will deny Plaintiff's Motion for Default Judgment and grant Defendants' Motion for Extension of Time to Answer.

Plaintiff's Motion for Entry of Default Judgment and Plaintiff's Request for Entry of Default are **DENIED**.

The Defendants' Motion for Extension of Time to Answer is **GRANTED**.

The Defendants' Answer will be considered filed on August 21, 2008.

IT IS SO ORDERED.

Done this 23rd day of October, 2008, in Laredo, Texas.

_____
Micaela Alvarez
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**

---

[1] It should be also noted that Defendants have neglected to conform to Local Rules 7.1 and 7.4.  L.R. 7.1.C provides that opposed motions shall "be accompanied by a separate proposed order granting the relief requested and setting forth information sufficient to communicate the nature of the relief granted."  Defendants have not attached a proposed order with their Motion for Extension of Time to Answer or Defend.  Subsequent motions and responses are to comply with the Local Rules or the Federal Rules of Civil Procedure.